**PELTON GRAHAM LLC**
Brent E. Pelton (BP 1055)
Taylor B. Graham (TG 9607)
111 Broadway, Suite 1503
New York, NY 10006
Telephone: (212) 385-9700
www.peltongraham.com

*Attorneys for Plaintiff and the putative*
*FLSA Collective and Class*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **JORGE CHAVEZ MELCHOR, Individually and on Behalf of All Others Similarly Situated,**<br><br>**Plaintiff,**<br><br>-against-<br><br>**228 BLEECKER LLC d/b/a ARIA WEST VILLAGE, BRICIOLA CORP., JOHN DOES #1-6, ROBERTO PASSON and TANYA HIRA PASSON, Jointly and Severally,**<br><br>**Defendants.** | **CLASS & COLLECTIVE ACTION COMPLAINT**<br><br>**Jury Trial Demanded** |

Plaintiff Jorge Chaves Melchor ("Plaintiff"), individually and on behalf of all others similarly situated, as class representative, upon personal knowledge as to himself and upon information and belief as to other matters, alleges as follows:

## NATURE OF THE ACTION

1.      Plaintiff is a former porter, dishwasher, and cook at Defendants' wine bar and restaurant located in the West Village neighborhood of Manhattan, New York.

1

2.      While working for Defendants, Plaintiff and Defendants' other employees typically worked well in excess of forty (40) hours each week and were paid either on an hourly basis with all hours paid at the same rate or on a weekly salary basis which did not increase based on the number of hours worked. Under both payment methods, Plaintiff and Defendants' other employees were typically paid below the statutory minimum wage for all hours worked and were not paid overtime premiums for hours worked over forty (40) in a given workweek. Plaintiff and Defendants' other employees also did not receive spread-of-hours premiums, proper wage notices or wage statements.

3.      Plaintiff brings this action on behalf of himself and all other non-management employees of Defendants to recover unpaid minimum wage and overtime premium pay owed to them pursuant to both the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.* and the New York Labor Law ("NYLL"), §§ 650 *et seq.*

4.      Plaintiff also brings claims against Defendants for unpaid spread-of-hours premiums and for failure to provide proper wage notices and wage statements, pursuant to NYLL §§ 190 *et seq.* and the supporting regulations.

5.       Plaintiff brings his FLSA claims on behalf of himself and all other similarly situated employees of Defendants and his NYLL claims on behalf of themselves and a Federal Rule of Civil Procedure 23 class of all non-management employees working for Defendants in any of their wine bars/restaurants in New York.

## JURISDICTION AND VENUE

6.       This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331, 1337, and 1343, and supplemental jurisdiction over Plaintiff's state law claims pursuant to

28 U.S.C. § 1367. In addition, the Court has jurisdiction over Plaintiff's claims under the FLSA pursuant to 29 U.S.C. § 216 (b).

7.    Venue is proper in this district pursuant to 28 U.S.C. § 1391 because a substantial portion of the events or omissions giving rise to the claims occurred in this district and Defendants' business is located in this district.

8.    This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

## THE PARTIES

**Plaintiff:**

9.    Plaintiff Jorge Chavez Melchor ("Melchor") was, at all relevant times, an adult individual residing in Bronx, New York.

10.    Throughout the relevant time period, Plaintiff performed work for Defendants at "Aria West Village" located at 117 Perry St., New York, NY 10014.

11.    Plaintiff consents in writing to be party to this action, pursuant to 29 U.S.C. § 216 (b), and his consent form is attached hereto.

**Defendants:**

12.    Upon information and belief, 228 Bleecker LLC is an active New York Corporation doing business as "Aria West Village" with its principal place of business at 117 Perry St., New York, NY 10014.

13.    Upon information and belief, Briciola Corp. is an active New York Corporation with its principal executive office at 48-50 White Street, 5th Floor, New York, NY 10013.

14.     Upon information and belief, JOHN DOES #1-6 are active New York Corporation operating the other wine bar and restaurant locations of the "Wine Bar Hospitality" restaurant group.

15.     The corporate entities listed in paragraphs 12 through 14 are hereinafter referred to collectively as the "Corporate Defendants" or the "Wine Bar Hospitality Enterprise."

16.     At all relevant times, the Corporate Defendants operated together as a single business enterprise utilizing the same practices and policies and, when necessary, shared employees between their various wine bar and restaurant locations.

17.     The Corporate Defendants' operations are interrelated and unified and are a single enterprise and/or joint employers of Plaintiff.

18.     Defendants' wine bars and restaurants, which are operated through the Corporate Defendants, are engaged in related activities, share common ownership and management, share supplies and employees, and have a common business purpose.

19.     Upon information and belief, Defendant Roberto Passon ("Passon") is an owner and operator of the Corporate Defendants who sets the Corporate Defendants' payroll policies, including the unlawful practices complained of herein.

20.     Upon information and belief, Defendant Tanya Hira Passon ("Hira" and, together with "Passon", the "Individual Defendants," and collectively with the Corporate Defendants, the "Defendants") is an owner and operator of the Corporate Defendants who sets the Corporate Defendants' payroll policies, including the unlawful practices complained of herein.

21.     The Individual Defendants maintained operational control over the Corporate Defendant and managed Aria West Village by determining the wages and compensation of

employees, establishing the schedule of employees, maintaining employee records, and through possessing the authority to hire and fire employees, including Plaintiff.

22.    The Individual Defendants participated in the day-to-day operations of the Corporate Defendant and acted intentionally in his direction and control of Plaintiff and the Corporate Defendant's other similarly situated employees and is an "employer" pursuant to the FLSA, 29 U.S.C. § 203(d) and regulations thereunder, 29 C.F.R. § 791.2, as well as the NYLL § 2 and the regulations thereunder, and is jointly and severally liable with the Corporate Defendants.

23.    At all relevant times, Defendants have been and continue to be employers engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. § 207 (a).

24.    At all relevant times, Defendants employed, and/or continue to employ, Plaintiff and each of the Collective Action members within the meaning of the FLSA.

25.    At all relevant times, Plaintiff, Collective Action Members and Class Members were employed by Defendants within the meaning of the NYLL, §§ 2 and 651.

26.    Upon information and belief, at all relevant times, the Corporate Defendant has had gross revenues in excess of $500,000.00.

27.    At all relevant times, the Corporate Defendant has used goods and materials produced in interstate commerce and have employed two or more individuals who handled these goods and materials.

## FLSA COLLECTIVE ACTION ALLEGATIONS

28.    Pursuant to 29 U.S.C. §§ 206, 207 & 216(b), Plaintiff brings his First and Second Causes of Action as a collective action under the FLSA on behalf of himself and the following collective:

All persons employed by Defendants at any time since November 13, 2015 and through the entry of judgment in this case (the "Collective Action Period") who worked as non-management employees (the "Collective Action Members").

29.     A collective action is appropriate in this circumstance because Plaintiff and the Collective Action Members are similarly situated, in that they were all subjected to Defendants' illegal policies of failing to pay minimum wage for all hours worked and failing to pay overtime premiums for work performed in excess of forty (40) hours each week. As a result of these policies, Plaintiff and the Collective Action Members did not receive the legally-required minimum wages for all hours worked and overtime premiums payments for all hours worked in excess of forty (40) hours per week.

30.     Plaintiff and the Collective Action Members have substantially similar job duties and are paid pursuant to a similar, if not the same, payment structure.

## RULE 23 CLASS ACTION ALLEGATIONS

31.     Pursuant to the NYLL, Plaintiff brings his Third through Seventh Causes of Action under Rule 23 of the Federal Rules of Civil Procedure on behalf of himself and the following class:

All persons employed by Defendants in New York at any time since November 13, 2012 and through the entry of judgment in this case (the "Class Period") who worked as non-management employees (the "Class Members").

32.     The Class Members are readily ascertainable. The number and identity of the Class Members are determinable from the records of Defendants. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under Federal Rule of Civil Procedure 23.

33.     The Class Members are so numerous that joinder of all members is impracticable.

34.     Upon information and belief, there are in excess of forty (40) Class Members.

35.    <u>The questions of law and fact common to the Class predominate over any questions solely affecting the individual members of the Class.</u> These common questions include, but are not limited to:

a.    whether Defendants employed Plaintiff and the Class Members within the meaning of the NYLL;

b.    whether Defendants failed to keep true and accurate time records for all hours worked by Plaintiff and the Class Members;

c.    whether Defendants failed and/or refused to pay Plaintiff and the Class Members minimum wage for all hours worked;

d.    whether Defendants failed and/or refused to pay Plaintiff and the Class Members overtime premiums for hours worked in excess of forty (40) hours per workweek;

e.    whether Defendants failed to pay Plaintiff and the Class Members an extra hour of minimum wage when working shifts in excess of ten (10) hours or split shifts;

f.    whether Defendants failed to provide Plaintiff and the Class Members with a proper statement of wages with every wage payment as required by the NYLL;

g.    whether Defendants failed to provide proper wage notice to Plaintiff and Class Members at the beginning of their employment and/or on February 1 of each year as required by the NYLL;

h.    whether Defendants' failure to properly pay Plaintiff and the Class Members lacked a good faith basis; and

i.    whether Defendants are liable for all damages claimed hereunder, including but not limited to compensatory damages, liquidated damages, interest, costs and disbursements and attorneys' fees.

36.     <u>Plaintiff's claims are typical of the Class Members' claims</u>. Plaintiff, like all Class Members, were non-management employees of Defendants who worked for Defendants pursuant to their corporate policies. Plaintiff, like all Class Members, were, *inter alia*, paid less than the statutory minimum wage for all hours worked, was not paid overtime premium pay for hours worked over forty (40) in a given workweek, were not paid spread-of-hours premiums when working a shift and/or split shift of ten (10) or more hours, and did not receive accurate wage notices or wage statements.

37.     If Defendants are liable to Plaintiff for the claims enumerated in this Complaint, they are also liable to all Class Members.

38.     <u>Plaintiff and his Counsel will fairly and adequately represent the Class</u>. There are no conflicts between Plaintiff and the Class Members, and Plaintiff bring this lawsuit out of a desire to help all Class Members, not merely out of a desire to recover his own damages.

39.     Plaintiff's counsel are experienced class action litigators who are well-prepared to represent the interests of the Class Members.

40.     <u>A class action is superior to other available methods for the fair and efficient adjudication of this litigation.</u>

41.     Defendants are sophisticated parties with substantial resources. The individual plaintiff lacks the financial resources to vigorously prosecute a lawsuit in federal court against corporate defendants.

42.     The individual members of the Class have no interest or capacity to bring separate actions; Plaintiff are unaware of any other litigation concerning this controversy; it is desirable to concentrate the litigation in one case; and there are no likely difficulties that will arise in managing the class action.

## **STATEMENT OF FACTS**

**Defendants' Restaurant**

43.     Throughout the relevant time period, Defendants have been in the wine bar and restaurant business.

44.     According to Defendants' website, Defendants own and operate a chain of wine bars and restaurants under the Wine Bar Hospitality Enterprise, including, among others:

      a.   Aria West Village – 117 Perry Street, New York, NY 10014;

      b.   Aria Hell's Kitchen – 369 West 51st Street, New York, NY 10019;

      c.   Terra Winebar and Cicchetti – 222 West Broadway, New York, NY 10013;

      d.   Cotenna Winebar and Cicchetti – 21 Bedford Street, New York, NY 10014;

      e.    Codino Winebar – 62 Carmine Street, New York, NY 10014;

      f.   Briciola Winebar and Cicchetti – 370 West 51st Street, New York, NY 10019; and

      g.   Attraversa Winebar and Cicchetti – 225 West Broadway, New York, NY 10013.

(http://www.winebarhospitality.com/restaurants).

45.     Defendants jointly market their restaurants through a single website and through links on each of the restaurant's respective websites.

46.     Defendants also sell gift cards that are available to usage at all of the Wine Bar Hospitality Enterprise locations.

47.     Aria West Village's kitchen hours are Sunday through Thursday from 11:00 am to 10:00 pm and Friday and Saturday from 11:00 am to 11:00 pm. (http://www.ariawinebar.nyc/wv-contact2.html).

48.     Upon information and belief, the Individual Defendants are a constant presence in the various restaurants in the Wine Bar Hospitality Enterprise and take an active role in ensuring

that their restaurants are run in accordance with their procedures and policies.

49.     Upon information and belief, at all times relevant, the Individual Defendants and their managers have had power over payroll and personnel decisions at each of their wine bars and restaurants, including the power to hire and fire employees, set their wages, retain time and/or wage records, and otherwise control the terms and conditions of their employment.

50.     Upon information and belief, Defendants utilize the Corporate Defendants interchangeably to operate the various locations of the Wine Bar Hospitality Enterprise, including to pay the wages of their employees.

51.     Upon information and belief, Defendants maintain a single corporate office wherein they centrally manage the operations of the various locations of the Wine Bar Hospitality Enterprise and where they process payroll for the employees of all of their restaurant locations.

**Plaintiff's Work for Defendant**

52.     <u>Plaintiff Melchor</u> was employed by Defendants from in or around October 2015 through on or about October 30, 2018 (the "Melchor Employment Period"). Plaintiff Melchor was initially employed at Aria West Village as a porter, then dishwasher and subsequently a cook.

53.     Throughout the Melchor Employment Period, Plaintiff Melchor worked six (6) days per week, with Wednesdays off.  From the beginning of the Melchor Employment Period until approximately 2016, Melchor worked each day from approximately 6:00 am through 4:00 pm, for a total of approximately ten (10) hours per shift and sixty (60) hours per week. For approximately three (3) months during that time period, Melchor worked from approximately 12:00 am through 12:00 pm, for a total of twelve hours per shift and seventy-two (72) hours per week. Thereafter, for the remainder of the Melchor Employment Period, Melchor worked from approximately 11:00 am through 11:00 pm, for a total twelve (12) hours per shift and

approximately seventy-two (72) hours per week and sometimes more.

54.    For his work, throughout the Melchor Employment Period until approximately 2017, Melchor was paid eight dollars ($8.00) per hour for all hours worked, all of which were paid in check. For the remainder of his employment period, Melchor was paid at ten dollars and fifty cents ($10.50) per hour for all hours worked.

55.    Although Defendants paid Plaintiff through checks from the Corporate Defendants, the checks did not provide information regarding the hours worked or wage rate paid for the pay period.

56.    Throughout the Melchor Employment Period, Melchor was paid at an hourly rate that was below the applicable minimum wage rate for non-tipped restaurant employees in New York City.

57.    Throughout the Melchor Employment Period, Melchor never received overtime premium pay equal to one and one-half (1.5) times his regular hourly wage for hours worked over forty (40) in a given workweek.

58.    Throughout the Melchor Employment Period, despite the fact that Melchor regularly worked shifts in excess of ten (10) hours, Melchor did not receive spread-of-hours premium pay for such days.

**Defendants' Unlawful Corporate Policies**

59.    Plaintiff and the Collective Action Members and Class Members were all paid pursuant to the same corporate policies of Defendants, including failing to pay minimum wages, overtime premiums, and spread-of-hours premiums.

60.    Defendants' failure to pay Plaintiff minimum wage for all hours worked during the relevant time period is a corporate policy that applied to all of Defendants' non-management

employees throughout the Class Period.

61.    Defendants' failure to pay Plaintiff overtime premium for his hours worked over forty (40) in a given workweek was a corporate policy that applied to all of Defendants' non-management employees throughout the Class Period.

62.    Defendants' failure to pay Plaintiff spread-of-hours premiums for days in which he worked a spread of more than ten (10) hours and/or a split shift has been a corporate policy which applies to all of their non-management employees who worked more than ten (10) hours in a day and/or split shift throughout the Class Period.

63.    Defendants have not provided Plaintiff or Class Members with proper wage notices at the time of hire or by February 1 of each year.

64.    Defendants have not provided Plaintiff or Class Members with proper and accurate wage statements each week with their payment of wages.

65.    Throughout the Class Period and, upon information and belief, continuing until today, Defendants have likewise employed other individuals like Plaintiff in positions that require little skill and no capital investment.

66.    Upon information and belief, such individuals were often required to work for less than minimum wage and were not paid time and one-half when working in excess of forty (40) hours per week. Additionally, such individuals were not provided spread-of-hours premiums while working shifts in excess of ten (10) hours, nor was he provided with proper wage statements and wage notices at hiring, by February 1 of each year, or proper wage statements with their wage payments on a weekly basis.

67.    Upon information and belief, throughout the Class Period and continuing until today, defendants failed to maintain accurate and sufficient time and payroll records or provide

such records to employees.

## FIRST CAUSE OF ACTION
### FAIR LABOR STANDARDS ACT – UNPAID MINIMUM WAGE
**(Brought on Behalf of Plaintiff and the Collective Action Members)**

68.     Plaintiff, on behalf of himself and the Collective Action Members, repeats and realleges each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

69.     By failing to pay minimum wage for all hours worked, Defendants have violated and continue to violate the FLSA, 29 U.S.C. §§ 201 *et seq*., including 29 U.S.C. §§ 206 and 215(a)(2).

70.     The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

71.     Defendants' failure to pay minimum wages for all hours worked caused Plaintiff and the Collective Action Members to suffer loss of wages and interest thereon. Therefore, Plaintiff and the Collective Action Members are entitled to recover from Defendants their full unpaid minimum wages, damages for unreasonably delayed payment of wages, liquidated damages, reasonable attorneys' fees, and costs and disbursements of the action pursuant to 29 U.S.C. § 216(b).

## SECOND CAUSE OF ACTION
### FAIR LABOR STANDARDS ACT – UNPAID OVERTIME
**(Brought on Behalf of Plaintiff and the Collective Action Members)**

72.     Plaintiff, on behalf of himself and the Collective Action Members, repeats and realleges each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

73.     By failing to pay overtime at a rate not less than one and one-half (1.5) times the

regular rate of pay for work performed in excess of 40 hours per week, Defendants have violated and continue to violate the FLSA, 29 U.S.C. §§ 201 *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a)(2).

74.    The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

75.    Defendants' failure to pay overtime caused Plaintiff and the Collective Action Members to suffer loss of wages and interest thereon. Plaintiff and the Collective Action Members are entitled to recover from Defendants their unpaid overtime premium compensation, damages for unreasonably delayed payment of wages, liquidated damages, reasonable attorneys' fees, and costs and disbursements of the action pursuant to 29 U.S.C. § 216(b).

### THIRD CAUSE OF ACTION
### NEW YORK LABOR LAW – UNPAID MINIMUM WAGE
**(Brought on Behalf of Plaintiff and the Class Members)**

76.    Plaintiff, on behalf of himself and the Class Members, repeats and realleges each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

77.    Defendants willfully violated Plaintiff and Class Members' rights by failing to pay minimum wage for all hours worked, in violation of the NYLL and regulations promulgated thereunder.

78.    Defendants' failure to pay minimum wage for all hours worked caused Plaintiff and the Class Members to suffer loss of wages and interest thereon.  Plaintiff and the Class Members are entitled to recover from Defendants their unpaid minimum wages, damages for unreasonably delayed payment of wages, liquidated damages, reasonable attorneys' fees, and costs and disbursements of the action pursuant to NYLL §§ 663(1) et seq.

14

**FOURTH CAUSE OF ACTION**
**NEW YORK LABOR LAW – UNPAID OVERTIME**
**(Brought on Behalf of Plaintiff and the Class Members)**

79.    Plaintiff, on behalf of himself and the Class Members, repeats and realleges each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

80.    Defendants willfully violated Plaintiff and the Class Members' rights by failing to pay overtime compensation at a rate of not less than one and one-half times the regular rate of pay for hours worked in excess of 40 each week, in violation of the NYLL and regulations promulgated thereunder.

81.    Defendants' failure to pay overtime premium compensation caused Plaintiff and the Class Members to suffer loss of wages and interest thereon.  Plaintiff and the Class Members are entitled to recover from Defendants their unpaid overtime compensation, damages for unreasonably delayed payment of wages, liquidated damages, reasonable attorneys' fees, and costs and disbursements of the action pursuant to NYLL §§ 663(1) et seq.

**FIFTH CAUSE OF ACTION**
**NEW YORK LABOR LAW – UNPAID SPREAD-OF-HOURS PREMIUMS**
**(Brought on Behalf of Plaintiff and the Class Members)**

82.    Plaintiff, on behalf of himself and the Class Members, repeats and realleges each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

83.    Defendants willfully violated Plaintiff and the Class Members' rights by failing to pay compensation in an amount equal to one hour's pay at the relevant minimum wage in all instances where the Class Members worked either a split shift or more than 10 hours per day, in violation of the NYLL §§ 650, *et seq*., and the regulations promulgated thereunder including N.Y. Comp. Code R. & Regs. tit. 12, §§ 137-1.7 (2010), 146-1.6 (2012).

15

84.     Defendants' failure to pay spread-of-hours compensation caused Plaintiff and the Class Members to suffer loss of wages and interest thereon.  Plaintiff and the Class Members are entitled to recover from Defendants their unpaid spread-of-hours compensation, damages for unreasonably delayed payment of wages, liquidated damages, reasonable attorneys' fees and costs and disbursements of the action pursuant to NYLL §§ 663(1) *et seq.*

**SIXTH CAUSE OF ACTION**
**NEW YORK LABOR LAW – FAILURE TO PROVIDE WAGE NOTICES**
**(Brought on Behalf of Plaintiff and the Class Members)**

85.     Plaintiff, on behalf of himself and the Class Members, repeat and reallege each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

86.     Defendants have willfully failed to supply Plaintiff and the Class Members notice as required by Article 6, § 195, in English or in the language identified by Plaintiff and the Class Members as their primary language, containing Plaintiff and Class Members' rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; hourly rate or rates of pay and overtime rate or rates of pay, if applicable;  the regular pay day designated by the employer in accordance with the NYLL, Article 6, § 191; the name of the employer; or any "doing business as" names used by the employer' the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; plus such other information as the commissioner deems material and necessary.

87.     Due to Defendants' violations of the NYLL, Plaintiff and the Class Members are entitled to recover from Defendant fifty dollars ($50) per employee for each day that the violations occurred or continue to occur, up to a maximum of five thousand dollars ($5,000) per employee, as provided for by NYLL, Article 6, §§ 190, *et seq.*, liquidated damages as provided for by the

NYLL, reasonable attorneys' fees, costs, pre-judgment and post-judgment interest, and injunctive and declaratory relief.

## SEVENTH CAUSE OF ACTION
## NEW YORK LABOR LAW – FAILURE TO PROVIDE WAGE STATEMENTS
### (Brought on Behalf of Plaintiff and the Class Members)

88.     Plaintiff, on behalf of himself and the Class Members, repeat and reallege each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

89.     Defendants have willfully failed to supply Plaintiff and Class Members with an accurate statement of wages as required by NYLL, Article 6, § 195, containing the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the number of hours worked, including overtime hours worked if applicable; deductions; and net wages.

90.     Due to Defendants' violations of the NYLL, Plaintiffs and the Class Members are entitled to recover from Defendants two hundred and fifty dollars ($250) per employee for each day that the violations occurred or continue to occur, up to a maximum of five thousand dollars ($5,000) per employee, as provided for by NYLL, Article 6, §§ 190 *et seq.*, liquidated damages as provided for by the NYLL, reasonable attorneys' fees, costs, pre-judgment and post-judgment interest, and injunctive and declaratory relief.

## PRAYER FOR RELIEF

Wherefore, Plaintiff, on behalf of himself and all other similarly situated Collective Action Members and Class Members, respectfully requests that this Court grant the following relief:

a. Designation of this action as a collective action on behalf of the Collective Action Members and ordering the prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of an FLSA Opt-In Class, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b) and appointing Plaintiff and his counsel to represent the Collective Action Members;

b. Certification of this action as a class action pursuant to Fed. R. Civ. P. 23(a), (b)(2) and (b)(3) on behalf of the Class Members and appointing Plaintiff and his counsel to represent the Class;

c. An order tolling the statute of limitations;

d. A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the NYLL;

e. An injunction against Defendants and its officers, agents, successors, employees, representatives and any and all persons acting in concert with Defendants, as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

f. An award of compensatory damages as a result of Defendants' failure to pay minimum wage and overtime compensation pursuant to the FLSA and the NYLL and supporting regulations;

g.  An award of liquidated and/or punitive damages as a result of the Defendants' willful failure to pay minimum wages and overtime compensation pursuant to the FLSA and the NYLL and supporting regulations;

h.  An award of actual and liquidated damages for the non-payment of spread-of-hours pay for each split shift and/or shift worked in New York in excess of ten hours;

i.  Fifty dollars ($50) per Plaintiff and each of the Class Members for each day that the violations of NYLL, Article 6 § 195 occurred or continue to occur, up to a maximum of five thousand dollars ($5,000) per Plaintiff and each of the Class Members as provided for by NYLL, Article 6 § 198(1)-b;

j.  Two hundred and fifty dollars ($250) per Plaintiff and each of the Class Members for each day that the violations of NYLL, Article 6 § 195 occurred or continue to occur, up to a maximum of five thousand dollars ($5,000) per Plaintiff and each of the Class Members as provided for by NYLL, Article 6 § 198(1)-d;

k.  An award of prejudgment and post-judgment interest;

l.  An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

m.  Such other and further relief as this Court deems just and proper.

## **DEMAND FOR TRIAL BY JURY**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by the complaint.

Dated: New York, New York
      November 13, 2018

Respectfully submitted,

**PELTON GRAHAM LLC**

By: _____

Brent E. Pelton (BP 1055)
Pelton@PeltonGraham.com
Taylor B. Graham (TG 9607)
Graham@PeltonGraham.com
111 Broadway, Suite 1503
New York, New York 10006
Telephone: (212) 385-9700
Facsimile: (212) 385-0800

*Attorneys for Plaintiff and the putative*
*FLSA Collective and Class*

20

## CONSENTIMIENTO PARA SER UN DEMANDANTE

Por mi firma abajo yo autorizo la presentación y tramitación de una acción legal bajo la Ley Federal de Normas Razonables de Trabajo y/o las Normas Laborales del Estado de Nueva York arriba mencionadas, en mi nombre y representación en contra de Aria Wine Bar y sus respectivos propietarios, gerentes, oficiales, directores, sucesores, predecesores, subsidiarias y afiliados (el "Empleador"). Yo autorizo ser nombrado como **demandante representativo** en esta acción legal para tomar decisiones en nombre de otros demandantes a quienes pueda concernir el resultado de este proceso, el método y la manera en cómo debe llevarse a cabo este litigio, y la decisión de llegar a un acuerdo dentro de la causa y todo lo que concierna a los honorarios profesionales y costas del proceso y cualesquiera otras decisiones relacionadas con este litigio. Yo entiendo que estaré representado por Pelton Graham LLC sin tener que pagar por adelantado costas u honorarios de abogados. Yo entiendo que si los demandantes tienen éxito, los costos asumidos por los abogados en mi nombre serán deducidos de la porción de mi acuerdo en una conciliación o como resultado de una sentencia en juicio. Yo entiendo que mis Abogados podrán solicitar a la Corte que les sean retribuidos los honorarios y costas procesales por parte de los demandados en nombre mío. Yo entiendo que los valores de retención de los Abogados podrán ser ya sea el monto recibido por parte de los demandados o el monto aproximado de 1/3 (33.33%) del total del acuerdo de conciliación o del valor obtenido a través de la sentencia (incluyendo honorarios), cual sea la suma más alta.


_____
Firma

Jorge CHAVEZ Melchor
Nombre Escrito